IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 18, 2004 Session

RI CKY D. WATKINS, SR. v. STATE OF TENNESSEE, DEPARTMENT
OF HUMAN SERVICES, ex rel, DOROTHY M. PRATHER, ET AL.

Direct Appeal from the Juvenile Court for Hardeman County
Nos. R.D. 3610-1, 97-0012 & 99-0027     Steve Hornsby, Judge

No. W2003-02577-COA-R3-JV - Filed July 21, 2004

This case involves an order for child support for three children of three different mothers. The Juvenile Court of Hardeman County consolidated the three matters into one cause. The trial court ordered Father to pay the child support amount for three children under the Child Support Guidelines and divided the amount equally into thirds. The State of Tennessee Department of Human Services filed this appeal. We reverse and remand for further proceedings consistent with this opinion.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General & Reporter, Warren A. Jasper, Assistant Attorney General, Nashville, TN, for Appellant

Nathan B. Pride, Jackson, TN, for Appellee

OPINION

Facts and Procedural History

Ricky D. Watkins, Sr. ("Watkins" or "Father") is the father of three children from three different women: Ricky D. Watkins, Jr. ("Ricky") was born on February 14, 1990, to Dorothy M. Brown ("Ms. Brown"); Fankesna L. Coby ("Fankesna") was born on March 29, 1995, to Tametria E. Coby ("Ms. Coby"); Jordon M. McNeal ("Jordon") was born on December 18, 1995, to Mickie D. McNeal ("Ms. McNeal").

By consent order dated September 9, 1992, paternity was established for Ricky and the Juvenile Court of Hardeman County set Father's child support payments for Ricky at $203 per month. By another consent order dated December 1, 1997, paternity was established for Jordon and the Juvenile Court of Hardeman County set Father's child support payments for Jordon at $200 per month plus an additional $50 per month until Father paid off a child support arrearage of $5,900. Finally, by consent order dated May 13, 1999, paternity was established for Fankesna and the Juvenile Court of Hardeman County set Father's child support payments for Fankesna at $233 per month plus an additional $25 per month until Father paid off a child support arrearage of $5,000.

In March 2003, an administrative order for the modification of Jordon's child support payments was filed with the juvenile court, increasing Father's child support obligation to $320 per month. In May 2003, Father petitioned the Juvenile Court of Hardeman County to consolidate all three cases for child support and set payments such that each child received the same amount of child support. The trial court granted the motion to consolidate all three matters into one proceeding by order filed on July 30, 2003. After finding that Father's earning capacity was $2,280 per month,[1] the court modified the previous support orders by determining the amount of support for a person with such income and three children and dividing that amount equally into thirds. The State of Tennessee Department of Human Services ("Appellant") filed its notice of appeal and presents the following issue[2] for our review: whether the trial court erred when it deviated from the Tennessee Child Support Guidelines without stating factual findings to support such deviation. For the reasons stated herein, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

### Standard of Review

"[R]eview of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Whitfield v. Whitfield*, No. 03A01-9504-CV-00138, 03A01-9404-CV-00140, 1995 Tenn. App. LEXIS 781, at *4 (Tenn. Ct. App. Nov. 29, 1995). Our review of all questions of law is *de novo* with no presumption of correctness given to the trial court. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

### Law and Analysis

Appellant argues that the trial court erred when it deviated from the Child Support Guidelines without setting forth the proper factual findings. Specifically, Appellant argues that the trial court's order awarding each child $253 per month was error because the court made no findings to justify

---

[1]  Though it is unclear from the record and the trial court's order, we presume that the trial court found that Father's gross, as opposed to net, income per month was $2,280.

[2]  While Father presents the issue of "[w]hether there was error in the Court's decision to treat all of the children the same," we perceive that such question is encompassed within the issue as presented by Appellant.

such a deviation. In this case, the trial court determined that Father's gross income was $2,280 per month, applied the percentage for three children (41%) to Father's net income, and divided that amount equally between Ricky, Fankesna, and Jordon.

We begin by noting that Tenn. Comp. R. & Regs. 1240-2-4-.03(4) (1994)[3] sets forth the method for a trial court to determine an obligor's net income. Specifically, the Guidelines state:

> Net income is calculated by subtracting from gross income of the obligor FICA (6.2% Social Security + 1.45% Medicare for regular wage earners and 12.4% Social Security + 2.9% Medicare for self-employed, as of 1991, or any amount subsequently set by federal law as FICA tax), the amount of withholding tax deducted for a single wage earner claiming one withholding allowance (copies of appropriate table will be provided to courts with guidelines), and the amount of child support ordered pursuant to a previous order of child support for other children.

Tenn. Comp. R. & Regs. 1240-2-4-.03(4) (1994). Next, we note that the Guidelines provide how they must be applied by a trial court:

> These guidelines shall be applied as a rebuttable presumption in all child support cases. If the court finds the evidence is sufficient to rebut the presumption that the application of the guidelines is the correct amount to be awarded, then the court must make a written or specific finding that the application of the child support guidelines would be unjust or inappropriate in that particular case. Findings that rebut these guidelines must state the amount that would have been required under the guidelines and include a justification for deviation from the guidelines which takes into consideration the best interest of the child.

Tenn. Comp. R. & Regs. 1240-2-4-.02(7) (1994). In discussing the effect the Guidelines have on situations with children born from the same father but different mothers, this Court has stated:

> [T]he Guidelines express a preference for children for whom a child support order is established first in time, regardless of whether the child was the product of a valid marriage or whether the child ever resided with the obligor. We recognize that this preference may work to the detriment of children for whom a subsequent order of child support is entered. We believe, however, that this is an argument more appropriately addressed to the General Assembly or to the Department of Human Services, the entity responsible for promulgating the Child Support Guidelines.

---

[3] We are mindful that such section of the Guidelines was recently amended. However, because the hearing on this matter occurred in June 2003, with the final order issued in July 2003, and the effective date for amended Regulation 1240-2-4-.03 was December 13, 2003, the prior version of such Regulation applies. *See* Tenn. Comp. R. & Regs. 1240-2-4-.03(4) (2003).

*State ex rel. Davis v. Matikke*, No. 01A01-9702-CV-00090, 1997 Tenn. App. LEXIS 706, at *8 (Tenn. Ct. App. Oct. 17, 1997).

> In this case, the trial court stated the following in its final order:
>
> With argument of counsel, review of the record and the case as a whole, from all of which, this Court did find that the Motion [of Father] was well taken and it should be granted accordingly. The Court granted Petitioner's [Father's] request to consolidate three (3) cases. It then granted his request to set child support of his three (3) children, noting that unless the same was set equitably, it would create an injustice to the children. The Court then did Order that referral be made to the guidelines as promulgated by [the] Supreme Court, for the determination of three (3) children and that the amount be divided by three (3) cases and the support set for each of the children equally. That the same may continue to be deducted by wage assignment but the wage assignment should be modified according to this Order.

The trial court then ordered that Father's support obligation of $760, representing Father's child support obligation for three children under the Guidelines, be divided equally, whereby Ricky, Fankesna, and Jordon each receive $253 per month in support payments.

Though the trial court found that application of the Guidelines would result in an injustice, it made no findings with regard to what the amount of support would have been under the Guidelines. Specifically, the trial court did not determine the amount of support the Guidelines would allow, given the preference the Guidelines hold for children with prior orders of child support. *See Matikke*, 1997 Tenn. App. LEXIS 706, at *8. In addition, the trial court offered no justification in its final order for such deviation from the Child Support Guidelines, which is presumed correct until sufficiently rebutted. Finally, we note that, even though previous orders for child support existed for all three of Father's children, the trial court did not address the issue of whether a significant variance existed between the amount of support required by the Guidelines and the amount currently ordered. Tenn. Code Ann. § 36-5-101(a)(1) (2001). For these reasons, we reverse the trial court's order and remand for further findings and proceedings consistent with this opinion and the Child Support Guidelines.

## Conclusion

For the foregoing reasons, we reverse the trial court's order and remand for further findings and proceedings consistent with this opinion. Costs of this appeal are taxed to Appellee, Ricky D. Watkins, Sr., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE